USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

   v.

Melchizedek Johnson,
        *Defendant.*

**Protective Order**

**22 Cr. 643 (VEC)**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Sensitive Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; or (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

2. **Attorney Possession Only ("APO") Material.** Certain discovery materials in this case may raise a particular risk of identifying, or leading to the identification of, witnesses who may be subject to risk of harm absent protective considerations. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in

whole or in part as "Attorney Possession Only" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Attorney Possession Only," shall be deemed "Attorney Possession Only Material." Any material designated as Attorney Possession Only Material shall also be deemed Sensitive Material.

**Attorney's Eyes Only ("AEO") Material**. Certain discovery materials in this case may raise particular privacy concerns because of the nature of the information collected about an individual decedent. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Attorney's Eyes Only," shall be deemed "Attorney's Eyes Only Material." Any material designated as Attorney's Eyes Only Material shall also be deemed Sensitive Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Sensitive Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Material to the media or any third party except as set forth below.

4. The Government may authorize, in writing, disclosure of Sensitive Material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any Sensitive Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this

action. However, Sensitive Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for Sensitive Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all such material, including the seized ESI disclosure material, when the case becomes final, as defined for purposes of bringing an action under 28 U.S.C. § 2255, i.e., one year and 90 days after any judgment of conviction is affirmed or reversed by the Court of Appeals for the Second Circuit. If Sensitive Material is provided to any prospective witness, the defense shall make reasonable efforts to seek the return or destruction of such materials.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Sensitive Material. All such persons shall be subject to the terms of this Order. Defense counsel shall make reasonable efforts to maintain a record of what Sensitive Material has been disclosed to which such persons.

8. APO Material may be disclosed by defense counsel to personnel for whose conduct counsel is responsible—that is, personnel employed by or retained by counsel, as needed for purposes of defending this action—and the contents of APO Material may be shared with the defendants. APO Material, however, shall be kept in the sole possession of defense counsel or personnel for whose conduct defense counsel is responsible; shall not be reviewed or maintained by the defendants outside the presence of defense counsel or personnel for whose conduct defense counsel is responsible; and shall not be copied or otherwise recorded by the defendants.

9. The restrictions on AEO Material are the same as APO Material, except that AEO Material shall not be disclosed to or possessed by the defendants, and may only be disclosed to defense counsel and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

10. The Government may authorize, in writing, disclosure of Sensitive Material or APO or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

11. This Order does not prevent the disclosure of any Sensitive Material or APO or AEO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

12. In the event of any dispute as to the Government's designation of particular discovery materials as Sensitive Material or APO or AEO Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Sensitive Material or APO or AEO Material designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of discovery materials as Sensitive Material or APO or AEO Material shall be controlling.

13. This Order places no restriction on any defendant's use or disclosure of ESI that originally belonged to that defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Retention of Jurisdiction**

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

by: _____        Date: 12/12/2022
     Jane Chong
     Assistant United States Attorney


SO ORDERED:

Dated: New York, New York
      December 14, 2022

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

**Consent to Protective Order**

I, Amy Gallicchio, have read and reviewed the proposed Protective Order in *United States v. Melchizedek Johnson*, 22 Cr. 643 (VEC), and I consent to the entry of the Protective Order on behalf of my client, Melchizedek Johnson.

_____
Amy Gallicchio, Esq.
Attorney for Melchizedek Johnson


December 12, 2022
_____
Date